UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES ELDON BLAND,

        Plaintiff,

   v.                           Civil Action 2:24-cv-4015
                                    Judge James L. Graham
PAULA SAWYERS, *et al.*,           Magistrate Judge Chelsey M. Vascura

        Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, James Eldon Bland, sues several officials of Licking County, Ohio, for violating his rights under the United States Constitution and attorney malpractice during state court criminal proceedings against him in 2017 and 2018. (Compl., ECF No. 1-1.) Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that Plaintiff's § 1983 claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the Court decline to exercise jurisdiction over

Plaintiff's state-law claims in accordance with 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court. As a result, Plaintiff's motions for electronic filing access (ECF No. 5), for an investigation (ECF No. 6), to appeal all non-oral motions and judgment entries (ECF No. 7), and for appointment of counsel (ECF No. 8) are **DENIED**.

## I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff's Complaint is threadbare. He alleges only that he was criminally prosecuted in Licking County, Ohio, in 2017 and 2018, that he was sanctioned for exercising his rights, that prosecuting attorney Paula Sawyers indicted him despite knowing that Plaintiff had filed suit against her for malicious prosecution, and that public defender Kevin Gall and private attorney Kristen Burkett failed to communicate with him and otherwise were ineffective counsel. (*See* Compl. 5, ECF No. 1-1.) Plaintiff seeks money damages and the voiding of any judgments against him. (*Id.*)

The undersigned construes Plaintiff's Complaint to advance claims against Paula Sawyers and the Licking County Clerk of Court for violations of Plaintiff's rights under the United States Constitution under 42 U.S.C. § 1983, as well as claims for attorney malpractice against Defendants Kevin Gall and Kristen Burkett. All of Plaintiff's claims must be dismissed.

First, Plaintiff's § 1983 claims are time-barred. "In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Plaintiff filed this action on October 3, 2024. Thus, claims accruing before October 3, 2022, would generally be untimely. Because the only incidents Plaintiff complains of occurred in 2017 and 2018, his claims must be dismissed as time barred by the applicable two-year statute of limitations under § 1915(e)(2).

4

The undersigned further recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining state-law claims for attorney malpractice. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted). Here, Plaintiff's allegations of attorney malpractice fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's claims for attorney malpractice pertain squarely to state law and do not arise under federal laws or the United States Constitution. *See*, *e.g.*, *Gunn v. Minton*, 568 U.S. 251, 253 (2013) (characterizing a legal malpractice claim as a state-law claim). Nor has Plaintiff alleged that he and Defendants are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to

exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to filing in state court.

Plaintiff has also filed motions for electronic filing access (ECF No. 5), for an investigation (ECF No. 6), to appeal all non-oral motions and judgment entries (ECF No. 7), and for appointment of counsel (ECF No. 8). Because the undersigned recommends dismissal of all of Plaintiff's claims, these motions are **DENIED**.

### III.    DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's § 1983 claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the Court decline to exercise jurisdiction over Plaintiff's state-law claims in accordance with 28 U.S.C. § 1367(c)(3) and that those claims be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

Plaintiff's motions for electronic filing access (ECF No. 5), for an investigation (ECF No. 6), to appeal all non-oral motions and judgment entries (ECF No. 7), and for appointment of counsel (ECF No. 8) are **DENIED**.

### <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept,

6

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE