IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Eldon Bland,

    Plaintiff,                                    Case No. 2:24-cv-4015
                                                  Judge James L. Graham
    v.                                            Magistrate Judge Chelsey M. Vascura

Paula Sawyers, *et al.*,

    Defendants.

<u>Opinion and Order</u>

    Plaintiff James Eldon Bland brings this action *pro se* to recover monetary damages resulting from alleged violations of his rights under the United States Constitution. Plaintiff alleges that he was improperly prosecuted for crimes in Licking County, Ohio in 2017 and 2018. He contends that criminal charges were brought against him after he had filed a complaint for malicious prosecution against Licking County prosecutor Paula Sawyers. Sawyers is named as a defendant, as is the Licking County Clerk of Court. Plaintiff has also brought suit against public defender Kevin Gall and attorney Kristen Burkett, whom plaintiff alleges failed to communicate with him.

    The Magistrate Judge conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2). She construed the complaint as asserting claims under 28 U.S.C. § 1983 against Sawyers and the Licking County Clerk of Court and as asserting state law claims for legal malpractice against Gall and Burkett. The Magistrate Judge recommended that the § 1983 claims be dismissed as time-barred and that the Court decline to exercise supplemental jurisdiction over the malpractice claims.

    After the issuance of the Magistrate Judge's Report and Recommendation, plaintiff submitted a proposed amended complaint, as well as a separate document captioned as objections to the Report and Recommendations. The Court finds that the proposed amended complaint does not cure the deficiencies identified by the Magistrate Judge with regard to the § 1983 claims. The proposed amended complaint confirms that the current suit relates to criminal charges filed against plaintiff over 6 years ago. *See* Doc. 11, p. 3 (referencing a 2017 criminal case). As the Magistrate Judge explained, a two year statute of limitations applies to plaintiff's § 1983 claims. *See Browning v.*

1

*Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  Plaintiff filed this action on October 3, 2024, and his claims are time-barred.

Plaintiff's objections fare no better.  The objections do not address the Report and Recommendation, but are a listing of 30 "constitutional questions" which in no way relate to the statute of limitations issue.  *See*, *e.g.*, Doc. 10 at p. 3 ("What class do identical twins fall under, Indian, Alien, Natural Person, Sovereign, National or a different kind of specialized class[?]").

The Court thus finds that plaintiff's § 1983 claims relating to alleged violations of his rights in 2017 and 2018 are time-barred and must be dismissed.  The Court additionally declines to exercise jurisdiction over the state law malpractice claims.  *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009).

Accordingly, the Report and Recommendation (doc. 9) is hereby ADOPTED, plaintiff's objections (doc. 10) are OVERRULED, and plaintiff's motion for leave to file an amended complaint (doc. 11) is DENIED.  The complaint is DISMISSED, with dismissal of the state law claims being without prejudice.  Plaintiff's miscellaneous motions (docs. 12, 13, 14, 15) are denied.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this order would not be taken in good faith for the reasons stated in the Report and Recommendation.  Therefore, the Court declines to issue a certificate of appealability and denies petitioner leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

DATE: December 5, 2024

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge